UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:15-CV-20877-RNS

MARIA FERRER,

     Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC, M&T BANK,
PHELAN HALLINAN DIAMOND & JONES, PLC,
TYLER K. WALKER and KELLY M. CANFIELD,

     Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

Defendants, M & T Bank ("M&T") and Bayview Loan Servicing, LLC ("Bayview"), (collectively referred to as "Defendants"), hereby set forth their answer to the averments alleged in the First Amended Verified Complaint of Plaintiff, Maria Ferrer ("Plaintiff"), as numbered herein, and assert affirmative defenses as follows:

### JURISDICTION

1. Admitted in part and denied in part. Defendants admit that this purports to be an action pursuant to the FCCPA, FDCPA, and TCPA, but deny that they are liable to Plaintiff and deny the remaining allegations of paragraph 1 of the Complaint.

2. Admitted for jurisdictional purposes only.

3. Admitted for venue purposes only.

### PARTIES

4. Denied. Paragraph 4 contains conclusions of law which require no response. To the extent any of the averments of this paragraph are deemed factual, they are denied and Defendants demand strict proof thereof.

1

5.  Admitted in part and denied in part.  Bayview admits that it is a foreign Limited Liability Company formed under the laws of the state of Delaware, and that its principal address is in Coral Gables, Florida.  The remaining allegations contained in paragraph 5 contain conclusions of law which require no response.  To the extent any of the averments of this paragraph are deemed factual, they are denied and Defendants demand strict proof thereof.

6.  Denied as phrased.   Further, the allegations contained in paragraph 5 contain conclusions of law which require no response.  To the extent any of the averments of this paragraph are deemed factual, they are denied and Defendants demand strict proof thereof.

7.  Denied.  Paragraph 7 contains conclusions of law which require no response.  To the extent any of the averments of this Paragraph are deemed factual, they are denied and defendants demand strict proof thereof.

8.  Denied.   Defendants are without knowledge as to the allegations contained in paragraph 8, and thus, deny those allegations.

9.  Denied.   Defendants are without knowledge as to the allegations contained in paragraph 9, and thus, deny those allegations.

10. Denied.   Defendants are without knowledge as to the allegations contained in paragraph 10, and thus, deny those allegations.

11. Denied.  Paragraph 11 contains conclusions of law which require no response.  To the extent any of the averments of this Paragraph are deemed factual, they are denied and defendants demand strict proof thereof.

140406.00695/100071561v.1

12. Denied. Defendants deny the allegations contained in paragraph 12, and demand strict proof thereof.

## FACTUAL ALLEGATIONS

13. Denied. Defendants deny the allegations contained in paragraph 13, and demand strict proof thereof.

14. Denied. Defendants deny the allegations contained in paragraph 12, and demand strict proof thereof.

15. Denied. Defendants are without knowledge as to the allegations contained in paragraph 15, and thus, deny those allegations.

16. Admitted in part and denied in part. Defendants admit that the referenced letter was sent and state that the referenced letter speaks for itself, and otherwise deny the allegations contained in paragraph 16.

17. Admitted in part and denied in part. Defendants admit that the referenced letter was sent and state that the referenced letter speaks for itself, and otherwise deny the allegations contained in paragraph 17.

18. Denied. Defendants are without knowledge as to the allegations contained in paragraph 18, and thus, deny those allegations.

19. Admitted in part and denied in part. Bayview admits that it sent a correspondence to Plaintiff on or about February 25, 2014 and states that the correspondence speaks for itself. Bayview denies Plaintiff's characterization of the correspondences as a "collection notice" and all remaining allegations contained in paragraph 19.

20. Denied. Defendants are without knowledge as to the allegations contained in paragraph 20, and thus, deny those allegations.

140406.00695/100071561v.1

21. Denied.   Defendants deny the allegations contained in paragraph 21, and demand strict proof thereof.

22. Denied.   Defendants deny the allegations contained in paragraph 22, and demand strict proof thereof.

23. Denied.   Defendants deny the allegations contained in paragraph 23, and demand strict proof thereof.

24. Denied.   Defendants deny the allegations contained in paragraph 24, and demand strict proof thereof.

25. Denied.   Defendants deny the allegations contained in paragraph 25, and demand strict proof thereof.

26. Denied.   Defendants deny the allegations contained in paragraph 26, and demand strict proof thereof.

27. Denied.  Paragraph 27 contains conclusions of law which require no response.  To the extent any of the averments of this Paragraph are deemed factual, they are denied and defendants demand strict proof thereof.

28. Denied.   Defendants deny the allegations contained in paragraph 28, and demand strict proof thereof.

29. Denied.   Defendants deny the allegations contained in paragraph 29, and demand strict proof thereof.

30. Denied.   Defendants deny the allegations contained in paragraph 30, and demand strict proof thereof.

31. Denied.   Defendants deny the allegations contained in paragraph 31, and demand strict proof thereof.

140406.00695/100071561v.1

32. Admitted in part and denied in part.  Bayview admits that it has not placed any calls to Plaintiff for emergency purposes.  Otherwise denied.

33. Denied.  Defendants deny the allegations contained in paragraph 33, and demand strict proof thereof.

34. Denied as phrased.  Defendants deny as phrased the allegations contained in paragraph 34, and demand strict proof thereof.

35. Denied as phrased.  Defendants deny as phrased the allegations contained in paragraph 35, and demand strict proof thereof.

36. Denied.  Defendants deny the allegations contained in paragraph 36, and demand strict proof thereof.

37. Denied.  Defendants deny the allegations contained in paragraph 37, and demand strict proof thereof.

38. Denied.  Defendants deny the allegations contained in paragraph 38, and demand strict proof thereof.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. 1692 *et seq*.**

39. Defendants incorporate their responses to the allegations of Paragraphs 1 through 38 as though fully set forth.

40. Denied.  Paragraph 40 contains conclusions of law which require no response.  To the extent any of the averments of this Paragraph are deemed factual, they are denied and defendants demand strict proof thereof.

140406.00695/100071561v.1

41. Denied. Paragraph 41 contains conclusions of law which require no response. To the extent any of the averments of this Paragraph are deemed factual, they are denied and defendants demand strict proof thereof.

42. Denied. Paragraph 42 contains conclusions of law which require no response. To the extent any of the averments of this Paragraph are deemed factual, they are denied and defendants demand strict proof thereof.

43. Admitted in part and denied in part. Defendants admit that Plaintiff seeks a declaration, but deny that Plaintiff is entitled to any such declaration or that they have violated the FDCPA.

44. Denied. Defendants deny the allegations contained in paragraph 44, and demand strict proof thereof.

45. Denied. Defendants deny the allegations contained in paragraph 45, and demand strict proof thereof.

46. Denied. Defendants deny the allegations contained in paragraph 46, and demand strict proof thereof.

47. Denied. Defendants deny the allegations contained in paragraph 47, and demand strict proof thereof.

48. Denied. Paragraph 48 contains conclusions of law which require no response. To the extent any of the averments of this Paragraph are deemed factual, they are denied and defendants demand strict proof thereof.

49. Denied. Defendants deny the allegations contained in paragraph 49, and demand strict proof thereof.

140406.00695/100071561v.1

50. Denied.  Paragraph 50 contains conclusions of law which require no response.  To the extent any of the averments of this Paragraph are deemed factual, they are denied and defendants demand strict proof thereof.

51. Denied.  Defendants deny the allegations contained in paragraph 46, and demand strict proof thereof.

52. Denied.  Defendants deny the allegations contained in paragraph 46, and demand strict proof thereof.

## COUNT II
## VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (FCCPA), FLORIDA STATUTES § 559 (Part VI)

53. Defendants incorporate their responses to the allegations of Paragraphs 1 through 38 as though fully set forth.

58. Denied.  Defendants deny the allegations contained in paragraph 58, and demand strict proof thereof.[1]

61. Denied.  Defendants deny the allegations contained in paragraph 61, and demand strict proof thereof.

## COUNT III
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq*.

63. Defendants incorporate their responses to the allegations of Paragraphs 1 through 38 as though fully set forth.

64. Denied.  Defendants deny the allegations contained in paragraph 64, and demand strict proof thereof.

---

[1] Plaintiff's Complaint contains incorrect numbering.  To remain consistent, Defendants will follow Plaintiff's incorrect numbering.

140406.00695/100071561v.1

65. Denied.   Defendants deny the allegations contained in paragraph 65, and demand strict proof thereof.

66. Denied.   Defendants deny the allegations contained in paragraph 66, and demand strict proof thereof.

67. Denied.   Defendants deny the allegations contained in paragraph 67, and demand strict proof thereof.

68. Denied.   Defendants deny the allegations contained in paragraph 68, and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any of the requested relief whatsoever, including but not limited to, any statutory damages, actual damages, injunctive relief, attorneys' fees or costs.

## **TRIAL BY JURY**

69. Denied.   Defendants deny the allegations contained in paragraph 69, and demand strict proof thereof.

140406.00695/100071561v.1

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants state that Plaintiff's Complaint fails to state a claim upon which relief may be granted under the TCPA, FDCPA, or FCCPA.  Plaintiff's Complaint contains nothing more than mere recitations of the elements of claims under the TCPA, FDCPA, and FCCPA.  Accordingly, Plaintiff fails to sufficiently plead any claim under the TCPA, FDCPA, or FCCPA under Fed. R. Civ. P. 8(a)'s pleading standard.

### Second Affirmative Defense

Plaintiff's claim, to the extent that she provided her cell phone number in relation to the alleged debt, is barred by estoppel and express consent.

### Third Affirmative Defense

Plaintiff's damages are the result of her own actions or inactions including her failure to effectively and properly revoke any consent or advise that his number was a cell phone.  Further, Plaintiff has failed to take any actions to mitigate her alleged damages.

### Fourth Affirmative Defense

The Complaint fails to state a cause of action under the TCPA to the extent Defendants did not utilize an automated dialer system to place the alleged calls.

### Fifth Affirmative Defense

Plaintiff's claims under the TCPA, FDCPA and FCCPA, are barred by the operative statutes of limitations.

### Sixth Affirmative Defense

To the extent that there was a violation of the FCCPA or the FDCPA, which Defendants deny, such violation was not intentional and was not meant to harass, oppress, or abuse any

9

person.   Rather, the violation resulted from a *bona fide* error, notwithstanding procedures to avoid any such error.

### Seventh Affirmative Defense

Defendants are entitled to a set-off for the amounts Plaintiff owes on the referenced debt. Plaintiff is currently a defendant in a state court foreclosure proceeding.   In the event a deficiency exists, Defendants are entitled to a set-off equal to the amount of such deficiency.

### Eighth Affirmative Defense

To the extent that there was a violation of the TCPA, which Defendants deny, such damages are limited to the statutory damages of $500 per violation, as Plaintiff suffered no actual damage and is not entitled to treble damages because Defendants did not willfully or knowingly violate the TCPA.

### Ninth Affirmative Defense

Plaintiff furnished her cell phone number to Defendants and utilized that number in an established business relationship with Defendants, thereby providing express consent to receiving calls on her cell phone.

### Tenth Affirmative Defense

To the extent the Plaintiff is not the subscriber of the cell phone the calls were placed to, she lacks standing to bring this claim.

### Eleventh Affirmative Defense

To the extent Plaintiff was not charged for calls allegedly placed by Defendants to her cell phone, she cannot establish a violation of the TCPA.

### Twelfth Affirmative Defense

140406.00695/100071561v.1

Defendants state that they acted in a reasonable manner, in good faith, and that their alleged communications to Plaintiffs were not harassing, nor were they made with a frequency that would amount to harassment.

## Thirteenth Affirmative Defense

Defendants state that to the extent Plaintiff's claims are based on the prosecution of the foreclosure action identified in the Complaint, Plaintiff's claims are barred pursuant to the litigation privilege.

## Fourteenth Affirmative Defense

Defendants state that Plaintiff's Complaint fails to sufficiently plead the elements required to set forth a claim under the FDCPA as it fails to establish that Defendants are a "debt collector" under the FDCPA.  Accordingly, Plaintiff fails to state a claim for relief under the FDCPA.

## Fifteenth Affirmative Defense

Defendants state that Plaintiff's Complaint fails to sufficiently plead the elements required to set forth a claim under the FDCPA or the FCCPA as it fails to establish that the alleged collection activity relates to "debt" as defined under the FDCPA and FCCPA. Accordingly, Plaintiff fails to set forth a claim for relief under the FDCPA or FCCPA.

140406.00695/100071561v.1

## CLAIM FOR ATTORNEYS' FEES

Defendants have retained Blank Rome, LLP to represent it in this action and is obligated to pay reasonable attorneys' fees in defending this action.  Defendants demand their attorneys' fees and costs incurred in defending this action pursuant to the provisions of the FCCPA and FDCPA.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 8th day of April, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document will be served on all parties requesting electronic notice or by U.S. Mail to: Maria Ferrer, 19827 NW 85th Avenue, Miami, FL  33015 Pro Se.

**BLANK ROME, LLP**

500 E. Broward Blvd. Suite 2100
Fort Lauderdale, FL  33394
Telephone: 954-512-1800
Facsimile:  954-512-1818

*/s/ Manuel S. Hiraldo*
PAUL  J. SODHI
Florida Bar No. 42353
PSodhi@BlankRome.com
Bocaeservice@BlankRome.com
MANUEL S. HIRALDO
Florida Bar No. 030380
MHiraldo@BlankRome.com

140406.00695/100071561v.1