UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-20877-SCOLA/OTAZO-REYES

MARIA FERRER,

    Plaintiff,

v.

BAYVIEW LOAN SERVICING LLC; M&T BANK;
PHELAN HALLINAN DIAMOND & JONES, PLLC;
TYLER K. WALKER and KELLY M. CANFIELD,

    Defendants.
_____/

## JOINT DISCOVERY PLAN AND CONFERENCE REPORT

Pursuant to Fed. R. Civ. P. 26(f), S.D. Fla. L.R. 16.1, and this Court's Order entered on March 5, 2015 [DE 6], Plaintiff, MARIA FERRER, and Defendants, PHELAN HALLINAN DIAMOND & JONES, PLLC ("PHELAN"), TYLER K. WALKER, KELLY M. CANFIELD, BAYVIEW LOAN SERVICING LLC and M&T BANK ("BAYVIEW"), hereby file their Joint Scheduling Report, as follows:

### Fed. R. Civ. P. 26(f)(3) Discovery Plan.

**(A)   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

    The Parties do not believe any changes should be made to required disclosures. The Parties agree to serve initial disclosures on or before May 8, 2015.

**(B)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

    The Parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. The Parties do not believe discovery should be conducted in phases or limited to particular issues.

**(C)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

    The Parties will produce documents in PDF format.

**(D)     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;**

    The Parties agree that the inadvertent disclosure of information protected by the attorney-client and work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. The Parties will comply with the Court's rules governing redaction of social security numbers.

**(E)     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

    At this time, the Parties do not anticipate changes to the limitations to discovery. The Parties reserve their rights to amend this response as necessary.

**(F)     Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

    At this time, the Parties do not anticipate the need for any orders pursuant to Rule 26(c) or under Rule 16(b) or (c). The parties reserve their rights to amend this response as necessary. In the event such an order is necessary, the Parties will submit a proposed order for entry by the Court unless the Parties are unable to agree on such an order, at which they may request the Court's assistance.

**Local Rule 16.1(b)(2) Conference Report**

**(A)     The likelihood of settlement**

    The parties are willing to engage in settlement discussions, but it is unknown at this time whether settlement is likely.

**(B)     The likelihood of appearance in the action of additional parties**

    At the present time, the Parties do not anticipate adding any additional parties. Plaintiff may seek to add a party at a future point in time.

**(C)     Proposed limit on the time:**

    1. To complete fact discovery:

The Parties propose a cutoff date of: August 20, 2015.

**(D)** **Proposals for the formulation and simplification of issues**

The Parties agree to cooperate in trying to simplify the issues through discovery.

**(E)** **The necessity or desirability of amendments to the pleadings**

At this time, the Parties do not anticipate amending the pleadings. Plaintiff may see to add a party at a future point in time.

**(F)** **The possibility of obtaining admissions of fact and documents to avoid unnecessary proof**

The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives/employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

**(G)** **Suggestions of the avoidance of unnecessary proof and cumulative evidence**

The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

**(H)** **Suggestions on the advisability of referring matters to magistrate judge or master**

The Parties do <u>not</u> consent to the referral of discovery motions, motions for costs, motions for attorney's fees, motions for sanctions, motion to dismiss, motion for summary judgment, jury or non-jury trial on merits, or any other matter to the Magistrate Judge. Notwithstanding, when the Parties confer in accordance with Local Rule 7.1 (a)(3), referral of the motion in question to the Magistrate Judge shall be considered if the Parties are not otherwise able to resolve the dispute.

**(I)** **Preliminary estimate of the time required for trial**

The Parties believe that the trial will take 2-3 days.

**(J)** **Requested date or dates for conferences before trial, a final pretrial conference and trial**

Trial date: January 11, 2016 (two-week trial period commences)

Calendar call:  January 4, 2016

**(K)     Any other information that might be helpful to the court**

The Parties have no additional suggestions at this time.

DATED:  April 15, 2015.

Respectfully submitted,

| | |
|---|---|
| MARIA FERRER<br>*Pro Se Plaintiff*<br>19827 N.W. 85th Avenue<br>Miami, FL 33015<br>(305) 785-8303 - Telephone<br>(305) 454-8360 - Facsimile<br>Ferrer.maria123@gmail.com | KELLER LANDSBERG, P.A.<br>*Attorneys for Defendants, Phelan Hallinan*<br>*Diamond & Jones, PLLC, Walker, and Canfield*<br>500 E. Broward Boulevard<br>Suite 1400<br>Fort Lauderdale, FL 33394<br>(954) 761-3550 - Telephone<br>(954) 525-2134 - Facsimile<br>wendy.stein@kellerlandsberg.com<br>emily.romano@kellerlandsberg.com |
| By: */s/ Maria Ferrer*<br>     Maria Ferrer | By: */s/ Wendy J. Stein*<br>     Wendy J. Stein, Esq.<br>     Fla. Bar No.: 389552<br>     Emily Romano, Esq.<br>     Fla. Bar No.: 92574 |

BLANK ROME LLP
*Attorneys for Defendants, Bayview*
*Loan Servicing LLC and M&T Bank*
500 E. Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33432
(954) 512-1800 – Telephone
(954) 512-1818 – Facsimile
PSodhi@BlankRome.com
MHiraldo@BlankRome.com

By: */s/ Paul J. Sodhi*
     Paul J. Sodhi, Esq.
     Fla. Bar No. 42353
     Manuel S. Hiraldo, Esq.
     Fla. Bar No. 30380

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 15, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to: **Paul J. Sodhi, Esq., Manuel S. Hiraldo, Esq.**, Counsel for Defendants, Bayview Loan Servicing LLC and M&T Bank, BLANK ROME LLP, 500 E. Broward Blvd., Suite 2100, Fort Lauderdale, FL 33432; Tel: 954-512-1800; Fax: 954-512-1818; Email: PSodhi@BlankRome.com; Email: MHiraldo@BlankRome.com; and that a true and correct copy was furnished via Email to: **Maria Ferrer**, Plaintiff *Pro Se*, 19827 N.W. 85th Avenue, Miami, FL 33015; Tel: 305-785-8303; Fax: 305-454-8360; Email: ferrer.maria123@gmail.com.

By:    */s/Wendy J. Stein*
       Wendy J. Stein, Esq.
       Fla. Bar No.: 389552
       *(Counsel for Defendants, Phelan Hallinan Diamond & Jones, PLLC, Tyler Walker, and Kelly Canfield)*