UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-20877-CIV-SCOLA

MARIA FERRER,

    Plaintiff,

v.

BAYVIEW LOAN SERVICING LLC; et al.,

    Defendants.

_____/

**DEFENDANT, PHELAN HALLINAN DIAMOND & JONES, PLLC'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Phelan Hallinan Diamond & Jones, PLLC ("Phelan"), hereby files this Reply in support of its Motion to Dismiss, and states as follows:

**I.    INTRODUCTION**

Plaintiff's Response to Phelan's Motion to Dismiss (titled a Motion in Response) reiterates Phelan's observation that the only two factual allegations against Phelan that are the basis of this suit are (1) filing a foreclosure lawsuit against Plaintiff, and (2) not dismissing the foreclosure lawsuit. Each of these acts is absolutely privileged, as they are undisputedly in the course of judicial proceedings. For this and the reasons set forth below, Phelan's Motion must be granted.

**II.    ARGUMENT**

    **A.    Statutory Actions are Likewise Subject to Absolute Litigation Privilege.**

While Plaintiff focuses on the ruling of the First District Court of Appeal in *Escheverria*, the Florida Supreme Court overturned the First District Court of Appeal, and the dissent clearly

{00327966.1 }

1

is not binding. *Eschevarria, McCalla, Raymer, Barrett & Frappier*, 950 So. 2d 380 (Fla. 2007). Statutory actions, including the FCCPA specifically, are barred by Florida's litigation privilege. Further, this is not a case of a letter attached to a complaint that is at issue here as discussed in the subject dissent, but rather direct litigation activities, *i.e.*, the filing and maintenance of the lawsuit itself. The dissent, while not binding in any event, has no applicability to this case. Plaintiff's FCCPA count is barred by Florida's litigation privilege.

   **B.** **Plaintiff's Allegations Do Not Support the Contention that Phelan Filed A Sham Pleading in the Foreclosure.**

Plaintiff's allegations in her First Amended Complaint clearly do not rise to the level of labeling the Foreclosure Complaint filed by Phelan in the underlying proceeding a sham pleading. Plaintiff cites inapposite cases such as *Mortgage Electronic Registration Systems, Inc. v. Nebraska Department of Banking and Finance*, 704 NW2db 784 (Neb. 2005) to support her sham pleading argument, but they just do not provide the support she is seeking. In *Nebraska*, the issue was whether the plaintiff was subject to the license and registration requirements under Nev. Rev. Stat. sec. 45-702. In *LaSalle Bank Nat. Ass'n v. Lamy*, 824 NYS2d 769, (N.Y. Supp. 2006), the issue was whether, under New York law, the plaintiff was the owner of the note. New York law is inapplicable. Phelan specifically addressed in its Motion why, under Florida law, the plaintiff in the foreclosure action has standing to pursue same, and Plaintiff's citations to irrelevant out of state laws that do not address the specific situation presented in the foreclosure against Plaintiff do not change the import of Florida law.

   **C.** **Phelan Does Not Argue that it is not a Debt Collector.**

Plaintiff goes to great lengths to cite and explain cases such as *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012) and *Heintz v. Jenkins*, 514 U.S. 291

(1995) which have no bearing on Phelan's Motion, since Phelan did not argue that it is not a debt collector.  Nor did Phelan argue that filing the Foreclosure Complaint was not debt collection.  In fact, neither *Reese* nor *Heintz* have any application to litigation privilege at all since they only apply to the FCCPA. Phelan does not suggest that an action under FDCPA is barred by the litigation privilege.

> D. **The Court May Consider Litigation Privilege on a Motion to Dismiss.**

While Florida's Circuit Court judge in *Eggitt v. Atlantic Credit & Fin., Inc*., No. 09-000024AP-\*\*B, 2010 WL 2892251 (Fla. Cir. Ct. June 23, 2010) decided that more discovery in that case was necessary in order to determine whether the complaint was sham, the distinction made by the Court *In re: Fundamental Long Term Care, Inc. v. General Electric Capital Corp.,* 512 B.R. 690 (2014) makes clear that to be a sham, the litigation must be so "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." Plaintiff's allegations do not support a sham, even when considering the deposition transcript from a different case on a different mortgage, where the citations relied on by Plaintiff do not even exist (there is no page 112 or 113 of Ms. Riley's deposition) or support her conclusion that Plaintiff's Note was not properly indorsed.  Plaintiff's argument fails on each and every level.

As the Eleventh Circuit stated in *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1277 (11th Cir. 2004), "Florida courts have also made it abundantly clear that any affirmative defense, including the litigation privilege, may be considered in resolving a motion to dismiss when "'the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action.'"  The Eleventh Circuit went on to affirm the dismissal of a complaint

on the basis of the litigation privilege. *Id*.  The Court here should dismiss Plaintiff's FCCPA claim with respect to Phelan accordingly.

### E. Plaintiff Does Not Address the FDCPA Bases for Dismissal.

The only arguments made by Plaintiff regarding the FDCPA bases for dismissal would relate to Phelan's status as a debt collector or whether it was in the process of collecting a debt, neither argument of which was actually made by Phelan.  Plaintiff admits that the debt validation process with Phelan was in 2013, which would clearly fall outside of the one year statute of limitations, so leave should not be given to Plaintiff to amend her complaint on this point as, clearly, it not only fails to state a cause of action, but any amendment would be futile.

### III. CONCLUSION

Plaintiff's FCCPA count is barred by Florida's litigation privilege, and her FDCPA count does not state a cause of action, and amending it would be futile.

WHEREFORE, Defendant, PHELAN HALLINAN DIAMOND & JONES, PLLC, requests that this Court grant this Motion, dismiss Plaintiff's First Amended Verified Complaint with Prejudice, and grant Phelan's attorney's fees and costs under 15 U.S.C. 1692k(a)(3) and Florida Statute §559.77(2) for having to defend this action.

Date:  May 4, 2015.

Respectfully submitted,

*/s/ Wendy J. Stein*
Wendy J. Stein, Esq.
Florida Bar No. 389552
Emily Romano, Esq.
Florida Bar No. 92574
wendy.stein@kellerlandsberg.com
emily.romano@kellerlandsberg.com

{00327966.1 }
4

Keller Landsberg PA
Broward Financial Centre, 500 E. Broward Boulevard, Suite 1400, Fort Lauderdale, FL  33394

                                                                             KELLER LANDSBERG PA
500 East Broward Boulevard, Ste. 1400
Fort Lauderdale, FL  33394
Tel:   (954) 761-3550
Fax:   (954) 525-2134
(*Counsel for Defendants, Phelan Hallinan Diamond & Jones, PLLC. Tyler Walker, and Kelly Canfield*)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System and furnished a true and correct copy via U.S. Mail to:  **Maria Ferrer**, Plaintiff *Pro Se*, 19827 N.W. 85th Avenue, Miami, FL 33015; Tel: 305-785-8303; Fax: 305-454-8360; Email: ferrer.maria123@gmail.com.

By:  */s/Wendy J. Stein*
Wendy J. Stein, Esq.
Fla. Bar No.: 389552
Counsel for Defendant, Phelan Hallinan
Diamond & Jones, PLLC