UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:15-CV-20877-RNS

MARIA FERRER,

    Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC, M&T BANK,
PHELAN HALLINAN DIAMOND & JONES, PLC,
TYLER K. WALKER and KELLY M. CANFIELD,

    Defendants.
_____/

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY TRIAL DEMAND**

Defendants, M & T Bank ("M&T") and Bayview Loan Servicing, LLC ("Bayview"), (collectively referred to as "Defendants"), "), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, moves to strike the jury trial demand contained in Plaintiffs' Complaint, [D.E. 1], and states as follows:

**INTRODUCTION:**

Plaintiff's Complaint asserts causes of action against Bayview and M&T for alleged violations of the Fair Debt Collection Practices Act, ("FDCPA"), Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"). All three counts are based upon alleged collection activity associated with collection of debt Plaintiff incurred for alleged personal, family, or household purposes. [DE 1 ¶¶ 13, 14]. The alleged debt attempting to be collected arises from Plaintiff's mortgage on the property located at 19827 NW 85th Ave, Hialeah, fL 33015-5982. [DE 1, Exhibits A, B, and C]. Plaintiff executed the

Mortgage and Note executed on February 9, 2006. [DE 1, Exhibit H, p. 3 ¶ 3][1]. The Mortgage provides that the Note and Mortgage may be sold and the servicer of the mortgage may change. *Mortgage* § 20. Additionally, the Mortgage provides that the successors and assigns of the lender shall benefit and be bound by the agreements and covenants contained within it. *Id.* § 13.

Pursuant to section 25 of the Mortgage, Plaintiffs knowingly and voluntarily waived their right to a jury trial for their claims arising out of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., ("FDCPA"), and Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et. seq., ("FCCPA"). Specifically, the paragraph 25 of the Mortgage contains the following provision:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.[2]

Courts have found that identically worded waiver provisions in mortgage agreements are enforceable and require striking of jury demands. Such provisions reflect a knowing and voluntary waiver of the right to a jury trial. Further, Plaintiffs' claims under the FDCPA and FCCPA stem from Bayview's alleged attempts to collect sums owed under the Mortgage. Therefore, Plaintiffs' causes of action arise out of and are related to the Mortgage, and the Mortgage's waiver provision is applicable. Courts have upheld identical waiver provisions and

---

[1] While Plaintiff does not attach a copy of the Mortgage to the Complaint, Plaintiff refers to the Note and Mortgage within the Complaint.

[2] A copy of the Mortgage is attached hereto as Exhibit A. *See* page 13 ¶ 25. The Mortgage is referenced in Plaintiffs' Complaint, central to their claims, and undisputed by the parties. *See* D.E. 1, ¶ 10. Therefore, this Court may consider the Mortgage in ruling on this Motion to Strike. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding a document incorporated by reference into a complaint and attached to a motion to dismiss may be considered when it is "central to the plaintiff's claim" and undisputed); *Washington v. National City Mortg. Co.*, 2011 WL 1842836, at *2 n.3 (N.D. Cal. May 16, 2011) (considering undisputed document referenced in, but not attached to, complaint on Rule 12(f) motion).

140406.00695/100545765v.1

have stricken jury demands, finding that such provisions are applicable and demonstrate a knowing and voluntary waiver. Plaintiffs' jury trial demand must be stricken from her Complaint.

## II. Argument and Memorandum of Law

Pursuant to Federal Rule of Civil Procedure 12(f), this Court may strike "any redundant, immaterial, impertinent, or scandalous matter" from Plaintiffs' Complaint. In the instant matter, Plaintiffs knowingly and voluntarily waived any right to a jury trial for claims arising out of or relating to the mortgage. Plaintiff's Complaint, premised upon allegations of misconduct relating to collect of the debt on the Note and Mortgage arises from or relates to the Mortgage. Finally, Bayview is entitled to enforce the jury trial waiver.

### A. Plaintiff Knowingly and Voluntarily Waived her Right to a Jury Trial.

A motion seeking to strike a jury trial demand should be granted where the plaintiff has knowingly and voluntarily waived his right to a jury trial. *See Correa v. BAC Home Loans Servicing, LP*, 2012 WL 1176701, *15 (M.D. Fla. 2012)(citing *Bakarc, Inc. v. Villager Franchise Sys., Inc.,* 164 F. App'x 820, 823 (11th Cir. 2006)). A court considering whether there has been a knowing and voluntary waiver of a jury trial should consider the following factors:

> (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiver party was represented by counsel.

*Correa*, 2012 WL 1176701 at *15 (quoting *Collins v. Countrywide Home Loans, Inc.,* 680 F.Supp.2d 1287, 1294 (M.D. Fla. 2010)).

In *Correa*, the court analyzed a jury waiver provision identical to the one at issue in this case. *See* 2012 WL 1176701 at *16 ("**25. Jury Trial Waiver**. The Borrower hereby waives any

3

right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."). The court found knowing and voluntary waiver and struck the plaintiff's jury demand for the following reasons: (1) the waiver was conspicuous since it was the last numbered paragraph of the mortgage and contained the phrase "Jury Trial Waiver" in bold letters and the same size font as the rest of the paragraphs in the mortgage; (2) the waiver provision was written in plain language and a high level of sophistication was not necessary to understand its implications; (3) the plaintiff did not demonstrate an inability to negotiate the terms of the mortgage agreement; (4) the plaintiff failed to demonstrate inequality in the relative bargaining power of the parties since she could have simply walked away from the deal; and (5) a contractual waiver provision is not rendered unenforceable because waiving party was not represented by counsel. *See id.*

In *Murphy v. Cimarron Mortg. Co.*, the court held that a jury trial waiver provision identical to the provision at issue in this case was conspicuous since it was a separate paragraph written in the same size font as the rest of the mortgage, and was located in the last numbered paragraph of the mortgage. 2007 WL 294229, *1 (M.D. Fla. 2007)( "25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."). Further, the court held that the waiver provision was written in clear and unambiguous language. *Id.* (citing *Perez v. Saxon Mortgage Services, Inc.,* 2006 WL 2868938, at *3 (M.D. Fla. 2006); *Belin v. Litton Loan Serving, LP,* 2006 WL 2061340, at *1 (M.D. Fla. 2006); *Mellon Bank, N.A. v. Miglin,* 1993 WL 281111, *12 (N.D. Ill. 1993)(finding waiver provision in seven page document that was in the same typeface as every

other clause to be conspicuous); *Allyn v. Western United Life Assurance Co.*, 347 F.Supp.2d 1246, 1252-53 (M.D. Fla. 2004)(finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language)).

Other Courts within the Eleventh Circuit have likewise enforced the scope of broad jury waivers to encompass claims other than those directly related to the agreement in which the waiver appears. *See e.g., Gulati v. Countrywide Home Loans, Inc.*, 2006 WL 6300891, *1 (M.D. Fla. Feb. 17, 2006) (securities fraud and common law fraud allegations fell within scope of jury trial waiver contained in mortgage which provided that the borrower "waives any right to a trial by jury in any action...arising out of or in any way related to this Security Instrument or Note"); *Jaffe v. Bank of America, N.A.*, 395 Fed.Appx. 583, 586 (11th Cir. 2010) (borrowers claims for negligent misrepresentation and breach of fiduciary duty in connection with a letter of credit issued as collateral security for a loan fell within the scope of jury waivers contained in the borrowers' separate security agreements which stated that the parties "waive trial by jury in any action...arising out of, in connection with or in any way pertaining to, this agreement").

Here, like in *Correa* and *Murphy*, the relevant factors weigh in favor of a finding of knowing and voluntary waiver by Plaintiff. Specifically, (1) the waiver provision is within a separate paragraph of the mortgage containing bold letters with the phrase "Jury Trial Waiver," is the same size font as the rest of the paragraphs in the Mortgage, and is written in plain language; (2) a high level of sophistication is not needed to understand the implications of the provision since it is written in plain language. Further, (3) Plaintiff cannot demonstrate an inability to negotiate the terms of the Mortgage; (4) nor will she be able to demonstrate inequality in the relative bargaining power of the parties since they voluntarily entered into the

loan agreement; and (5) whether Plaintiff was represented by counsel is not relevant since a contractual waiver provision is not rendered unenforceable for lack of representation by counsel. Nevertheless, there is no evidence that Plaintiff attempted to retain an attorney, but were precluded from doing so.

Although a plaintiff has a right to a jury trial, such a right may be waived as a result of provisions contained in mortgage loan documents. *See Murphy*, 2007 WL 294229 at *1 (striking jury trial demand in an FDCPA action as a result of jury trial waiver contained in mortgage)(citing *Miller v. Northwest Trustee Services, Inc.*, 2005 WL 1711131, at *4, n. 4 (E.D. Wash July 20, 2005); *In re Taylor,* 260 B.R. 548, 556 (Bankr.M.D.Fla.2000)); *Correa*, 2012 WL 1176701 at *16 (plaintiff may waive his right to a jury trial under the FDCPA if the waiver "is knowing and voluntary")(citing *Bakrac, Inc.*, 164 F. App'x 830 at 834; *Belin,* 2006 WL 2061340 at *1); Newton v. Wells Fargo Bank, N.A., 2013 WL 5854520 (striking jury demand in TCPA action pursuant to jury trial waiver in mortgage.) Consequently, Plaintiffs cannot argue that their right to a jury trial under the FCCPA, FDCPA or TCPA is absolute.

**B. Plaintiff's Claim Arises Out Of and Relate to the Note and Mortgage.**

The Eleventh Circuit has found that a claim "relates to a contract when the dispute occurs as a fairly direct result of the performance of contractual duties." *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340-41 (11th Cir. 2012) (internal quotation marks omitted). Accordingly, courts upholding jury trial waiver provisions found in mortgage loan documents have specifically held that claims arising out of the FDCPA and FCCPA fall within the scope of such waiver provisions. *See Belin*, 2006 WL 2061340 at *2 (holding that plaintiff's FDCPA and FCCPA claims fells within the scope of a waiver provision which stated that the plaintiff waived "any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or

6

tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."); *see also Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012)(striking plaintiff's jury trial demand in action asserting a claim under the Truth in Lending Act as a result of a waiver provision contained in the mortgage, and specifically holding that the claims asserted by the plaintiff were encompassed by the waiver provision). As the court held in *Belin*, FDCPA and FCCPA claims are related to the mortgage and within the scope of the mortgage's jury trial waiver provision since such claims "arise from collection activities for amounts due under the mortgage and note." 2006 WL 2061340 at *2 (citing *Miller,* 2005 WL 1711131 at *4).

As alleged in Plaintiffs' Complaint, the alleged action arises from alleged collection activity regarding the Note and Mortgage. [DE 1 ¶ 14, Exhibits A, B, and C]. This Note and Mortgage are the only nexus between Plaintiff and Defendants and is the source of the parties' relationship. As further alleged in Plaintiff's Complaint, it is the attempts to continue to collect on the Note and Mortgage and the filing of the foreclosure action against Plaintiff that gives rise to this action. [D.E. 1 ¶¶ 21, 22]. Thus, the alleged violations of the FCCPA, FDCPA, and TCPA necessarily relate to and arise from the Note and Mortgage. Accordingly, such claims are within the scope of the waiver contained in section 25 of the mortgage and Plaintiffs' Jury Demand must be stricken.

### C. Bayview and M&T are Entitled to Enforce the Jury Waiver.

Pursuant to case law Bayview and M&T are entitled to enforce the jury trial waiver against Plaintiff. Specifically, in *Levinson v. Green Tree Servicing, LLC*, 2015 WL 1912276 (M.D. Fla. 2015), the plaintiffs brought an action against the servicer of their mortgage, Green Tree Servicing, alleging FDCPA and FCCPA violations. Green Tree moved to strike the

plaintiffs' jury trial demand, relying on the waiver contained in the mortgage loan that was originated by Bank of America, N.A. In granting the motion to strike, the court reasoned:

> Here, Plaintiffs' consumer protection claims relate to the mortgage contract. Plaintiffs knowingly and voluntarily waived their right to a jury trial upon signing the mortgage, thereby creating a valid waiver of jury trial. Plaintiffs acknowledge that Defendant's alleged behavior in violation of the FDCPA and FCCPA was due to Plaintiffs' failure to pay as contractually obligated under the same mortgage. Therefore, the dispute giving rise to Plaintiffs' claim exists because of direct relationship with the mortgage which fairly directly relates to contractual performance of the mortgage. Furthermore, there is no concern that Defendant's actions extended beyond the reasonable expectation of the contracting parties, and, therefore, outside the scope of the contract. That a mortgage holder would resort to debt collection practices in order to collect on a debt in default is reasonable; whether those practices violated any consumer protection laws will be determined in due course.

*Id.* at *2.

Similarly, in *Ferraro v. Wells Fargo, N.A.*, 2013 WL 5357109 (M.D. Fla. 2013), the plaintiff brought a RESPA and TILA action against Wells Fargo. The plaintiff alleged that he was unaware of whether Wells Fargo was the servicer or owner of his mortgage loan and, therefore, sent a qualified written request to Wells Fargo to seek clarity on the issue. *Id.* at *1. The plaintiff alleged that Wells Fargo failed to respond to his QWR and, in doing so, violated RESPA and TILA. In response to the plaintiff's jury trial demand, Wells Fargo moved to strike pursuant to a jury trial waiver contained in the mortgage, which was identical to the provision at issue in this case. *Id.* ("25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.").

Ultimately, the court granted Wells Fargo's motion to strike, holding that the plaintiff's claims were related to the note and mortgage, and finding that the plaintiff had knowingly

waived the right to a jury trial. In so holding, the court made no finding or distinction with respect to the whether Wells Fargo was the servicer or owner. *Levinson* and *Ferraro*, therefore, support Bayview's position that a mortgage servicer, like the owner of the mortgage, is entitled to benefit from the jury trial waiver contained in the mortgage. *See also Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1114, 1120 (M.D. Fla. 2013) (mortgage servicer was entitled to enforce jury trial waiver as to several claims, including claims under the FCCPA and FDCPA).

In *Martorella v. Deutsche Bank Nat. Trust Co.*, 2013 WL 1136444 (S.D. Fla. 2013), the court granted a motion to strike a jury trial waiver in a suit alleging FDUTPA and FCCPA violations. The court granted the motion on behalf of the owner of the mortgage, Deutsche Bank, and the servicer, American Home Mortgage Servicing. *Id.* at *4. In granting the motion, the court made no distinction between the owner and servicer, and ultimately held that both could benefit from the jury waiver provision in the mortgage. *See id.*

Plaintiff may rely upon the decision reached in *Williams v. Wells Fargo Bank, N.A.*, 2011 WL 4901346 (S.D. Fla. 2011), for the argument that loan servicers could not enforce the jury trial waivers because they were non-parties to the mortgages. However, *Williams* is distinguishable. In *Williams*, in seeking a dismissal of the plaintiffs' claim for an alleged breach of the implied covenant of good faith and fair dealing, the servicer took the position that the claim should be dismissed because the plaintiffs failed to indicate whether the claim was being brought against the servicer in its capacity as the owner of the loan or instead in its capacity as the servicer of the loan. *See Williams*, 2011 WL 4901346 at *3. The servicer maintained that the distinction was critical because if the plaintiffs were suing it solely in its capacity as the loan servicer, the breach of contract claims would require a threshold analysis of agency principles

regarding whether the servicer was an agent of the owner of the loan and thus bound by the implied covenants contained in the plaintiffs' mortgages. *See id.* The servicer made the same argument in response to the plaintiffs' unjust enrichment claim. *See id.* at *6.

It was against this specific backdrop that the district court in *Williams* refused to allow the **servicer** to enforce the jury trial waiver provision contained within the mortgages. *See id.* at *13. Specifically, the district court explained:

> As noted earlier, Wells Fargo indicates it may not be a party to the mortgage contract. In particular, Wells Fargo Bank suggests it may be the *servicer* of the mortgage and thus would be subject to the contract only under a *possible* agency theory. Thus, Wells Fargo Bank cannot invoke the jury waiver. *Id.* (alterations in original) (internal citations omitted). Essentially, the district court reasoned that the **servicer** could not, on the one hand, assert that it was not liable for breaching the contract provisions because it was solely the **servicer** and was not a party to the contracts while, on the other hand, invoke the jury trial waiver provision in the contracts.

The factual circumstances involved in this case, however, are different from those involved in *Williams*. Here, Defendants have not asserted that the provisions in Plaintiffs' Note and Mortgage are inapplicable to it. For these reasons, *Williams* is distinguishable and its holding on the jury trial waiver issue should be limited to the facts presented therein.

Moreover, Plaintiff claims that Defendnats violated the FDCPA and FCCPA while acting as the agent of the servicer of their Mortgage and as a debt collector. [D.E. 65 at ¶¶ 25, 34, 36, & 43]. In other words, Plaintiffs allege that Bayview violated the FDCPA and FCCPA during the course of its efforts to collect sums owed under the Mortgage.[3] The waiver provision in the

---

[3] Bayview denies that its communications with the Plaintiffs were made in connection with the collection of a debt. Bayview submits to the Court that its letters and communications are permissible, and were sent for information purposes, to provide workout options, and to enforce its security interest. Letters offering loan workout options are not "in connection with the collection" of the debt. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x 476, 480 (9th Cir. 2001); *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1998).

10

Mortgage states that it applies to all claims arising "out of or in any way related" to the Mortgage.[4] Further, the waiver contains no limitation with respect to whether the servicer or owner is entitled to enforce the provision. Indeed, the waiver is broad in scope and applies to all action related to the Note and Mortgage. The instant motion must therefore be granted and Plaintiffs' jury trial demand stricken.

### III. Conclusion

Plaintiffs cannot avoid their knowing and voluntary waiver of their right to a jury trial in this case. The waiver provision at issue has been upheld and has been found to apply to FDCPA, FCCPA, and TCPA claims. Plaintiffs' jury trial demand must be stricken.

**WHEREFORE**, Defendant, M&T and Bayview, respectfully requests that this Court enter an order striking Plaintiffs' jury trial demand, and for such other and further relief as this Court deems just and appropriate under the circumstances.

### LOCAL RULE 3.01(g) GOOD FAITH CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that prior to the filing of this Motion, he conferred in good faith with Pro Se Plaintiff Maria Ferrel to resolve the issues raised in the motion and has been unable to do so.

---

"Communications that do not seek to collect debts cannot be considered as debt collection activities." *Marshall v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 345988, *3 (E.D. Ark. Feb. 1, 2011).

[4] *See* Exhibit A, ¶ 25.

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 24th day of June, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document will be served on all parties requesting electronic notice or by Certified Mail to: Maria Ferrer, 19827 NW 85th Avenue, Miami, FL 33015 Pro Se.

**BLANK ROME, LLP**

500 E. Broward Blvd. Suite 2100
Fort Lauderdale, FL 33394
Telephone: 954-512-1800
Facsimile: 954-512-1818

*/s/ Manuel S. Hiraldo*
PAUL J. SODHI
Florida Bar No. 42353
PSodhi@BlankRome.com
Bocaeservice@BlankRome.com
MANUEL S. HIRALDO
Florida Bar No. 030380
MHiraldo@BlankRome.com