UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20877-CIV-SCOLA

FILED by _AG_ D.C.

AUG 04 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

MARIA FERRER
    Plaintiff

v.

BAYVIEW LOAN SERVICING LLC; M&T BANK;
PHELAN HALLINAN DIAMOND & JONES, PLLC;
TYLER K. WALKER and KELLY M. CANFIELD
    Defendant                       /

## PLAINTIFF'S OPPOSED MOTION TO MODIFY CASE SCHEDULING ORDER AND REFERRAL TO MEDIATION

**COMES NOW,** the Plaintiff, MARIA FERRER *pro se,* ("Plaintiff"), and pursuant to Federal Rules of Civ P. 16(b) moves this court to grant Plaintiff's Opposed Motion to Modify Case Scheduling Order and Referral to Mediation and states the following:

    1.    On May 1, 2015, the Court entered its Scheduling Order and Order to Referral to Mediation which established the following deadlines.

        a.  **August 6, 2015:** Deadline to complete fact discovery and exchange expert witness summaries/reports.

        b.  **August 21, 2015:** Deadline for all dispositive motions

        c.  **August 26, 2015:** Deadline to complete mediation

        d.  **November 12, 2015:** Deadline for the filing of pretrial motions

        e.  **January 4, 2016:** Deadline to file joint pretrial stipulation, pretrial disclosures, deadline to file proposed jury instructions and proposed findings of fact and conclusion of law.

    2.    This instant action was filed on March 3, 2015 subsequent to the filing of this case; the Circuit Court filed an Order on March 11, 2015 setting the trial in the lower court foreclosure action for June 9, 2015.

3. For the next two months Plaintiff dedicated a greater portion of her time in preparation for the foreclosure action trial in the lower court, but notwithstanding she still continued to diligently follow the deadlines imposed by this court.

4. On April 1, 2015 Defendant, Phelan Hallinan Diamond & Jones, PLLC ("Phelan") filed a Motion to Dismiss (DE #15).

5. On April 27, 2015 Plaintiff filed its response to Phelan's Motion to Dismiss (DE #27).

6. As of April 14, 2015 all parties had been served.

7. On April 15, 2015 the parties filed a Joint Discovery Plan and Conference Report (DE #22).

8. Parties agreed to serve initial disclosures on or before May 8, 2015.

9. On May 11, 2015 Defendants Bayview Loan Servicing, LLC and M&T Bank ("Bayview") propounded discovery upon Plaintiff and discovery deadline was June 10, 2015. In view of the proximity of the deadline and the lower court case trial (June 9, 2015), Plaintiff requested and extension to answer Bayview discovery until June 15, 2015 of which both parties agreed to.

10. On June 23, 2015 Plaintiff submitted an Agreed Confidentially Order to Bayview's counsel for review and execution with regard to discovery matters.

11. Bayview indicated that they were not in agreement and sent me their version of the Confidentiality Agreement. After careful review and consideration, Plaintiff made the appropriate changes and returned to Bayview for review and execution. Bayview as of this date has yet to sign such agreement.

12. On June 24, 2015 Plaintiff propounded discovery upon Bayview. At the same time Bayview filed its Motion to Strike Jury Trial Demand (DE #37).

13. On June 29, 2015 the parties collaborated with the preparation and submission of the Interim Report and the scheduling of mediation which has been scheduled for August 11, 2015 (Plaintiff is not requesting to change the date of Mediation).

14. On July 2, 2015 Phelan propounded discovery unto Plaintiff which is due by August 3, 2015.

15. On July 8, 2015 Plaintiff files its response to Bayview's Motion to Strike Jury Trial (DE #41).

16. On July 9, 2015 Phelan scheduled the deposition of Plaintiff for July 30, 2015.

17. Bayview's discovery deadline was due July 27, 2015. On July 27, 2015 Bayview requested a one week extension until August 3, 2015. In good faith Plaintiff agreed to the extension.

18. On August 3, 2015 Bayview requested an additional 4 days to answer discovery. Plaintiff denied the request. Bayview produced answers to Admissions and Request for Production, but no documents were provided with the request for production and 80% of the questions for Admissions and request for production of documents were objected to.

19. Subsequent to Bayview submitting their responses as stated above, they simultaneously filed a motion to extend the time to answer interrogatories beyond the deadline for discovery. By granting the relief set forth in this Motion, Bayview's request for extension to Answer Interrogatories would be moot but the relief Bayview seeks would be granted through the granting of this instant motion.

20. It is obvious that Plaintiff is attempting to stall answering Interrogatories to the point where Plaintiff will not have any opportunity to file a Motion to Compel. This type of behavior is prejudicing Plaintiff's ability to properly perform the necessary discovery to prepare for trial.

21. On August 3, 2015 Plaintiff answered and produced documents according the Request for Production and Interrogatories propounded to her by Phelan on July 2, 2015.

22. Plaintiff continues to diligently work on all the matter relating to this action. Unfortunately, Plaintiff does not have an attorney or paralegal staff that may assist her in the preparation all the documents and as such she must exert a greater effort in preparing all documents in relation to this action.

23. Furthermore Plaintiff is waiting on the decision of the Court on Phelan's Motion to Dismiss. Plaintiff requires a ruling on the motion before she can engage in meaningful discovery with Phelan. The inability of Plaintiff to complete discovery with Phelan was not due to any lack of diligence; rather, the Plaintiff did not wish to incur the significant costs and fees associated with discovery while the Motion to Dismiss remained pending.

24. In filing this Motion, Plaintiff is mindful of the fact that continuances are generally disfavored. Nevertheless, Plaintiff believes that good cause has been shown to grant the requested relief. This motion has been made in good faith and not for purposes of delay.

## MEMORANDUM OF LAW

Federal Rules of Civil Procedure 16 grants courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.

2d 101, 102 (11th Cir 1989). If the parties, diligently and timely pursue their rights but for reasons other than their own negligence are unable to comply with the court's deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems,* 173 F.R.D. 537, 539 (M.D. Fla 1997); *Fellow v. Earth Construction Inc.,* 794 F. Supp. 531 (D. Va 1992).

Plaintiff's Motion clearly sets forth a good faith basis for granting this modification to the Scheduling Order. Plaintiff is not engaging in any type of delay tactic that would warrant denial of this Motion. Plaintiff respectfully requests that the Court exercise its discretion and permit the requested extension of time for the good cause stated herein.

WHEREFORE, Plaintiff respectfully moves this Court to grant Plaintiff Opposed Motion to Modify Case Scheduling Order and Referral to Mediation so that the parties have at least 90 days to complete fact discovery and exchange expert witness summaries/reports and the remaining pretrial deadlines to be modified accordingly based upon the Court's docket.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

The undersigned certifies that, prior to filing this motion, she conferred with Defendant(s)' counsel, regarding the relief requested herein, and counsel for Phelan has objected while counsel for Bayview has objected, but is requesting the court to extend the time to answer Plaintiff Interrogatories.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** on this 4th day of August, 2015 that the foregoing document was filed with the Clerk of Courts and is served by CM/ECF upon entry into the docket on all counsel on the Service List below.

>Respectfully submitted,
>
>Maria Ferrer, *Pro Se*
>19827 NW 85th Avenue
>Miami, Florida 33015
>Telephone: (305) 785-8303
>Facsimile: (305) 454-8360
>Service: ferrer.maria123@gmail.com
>
>By: _/s/ Maria Ferrer_
>    Maria Ferrer, *Pro Se*

**SERVICE LIST**

BLANK ROME LLP
*Attorneys for Defendants, Bayview Loan Servicing LLC and M&T Bank*
500 E. Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33432
(954) 512-1800 – Telephone
(954) 512-1818 – Facsimile
PSodhi@BlankRome.com
MHiraldo@BlankRome.com

KELLER LANDSBERG, P.A.
*Attorneys for Defendants, Phelan Hallinan Diamond & Jones, PLLC, Walker, and Canfield*
500 E. Broward Boulevard
Suite 1400
Fort Lauderdale, FL 33394
(954) 761-3550 - Telephone
(954) 525-2134 - Facsimile
wendy.stein@kellerlandsberg.com
emily.romano@kellerlandsberg.com