United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Ferrer, Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 15-20877-Civ-Scola |
| | ) |
| Bayview Loan Servicing, LLC, and others, Defendants | ) |

**Order on Motion to Dismiss**

THIS MATTER is before the Court on Defendant Phelan, Hallinan, Diamond, & Jones, PLLC's Motion to Dismiss (ECF No. 15). Plaintiff Maria Ferrer filed an Opposition to the Motion to Dismiss (ECF No. 27). Defendants Tyler Walker and Kelly Canfield joined the Motion to Dismiss and Reply filed by Phelan, Hallinan, Diamond, & Jones, PLLC (ECF No. 30). Defendants Bayview Loan Servicing, LLC and M&T Bank filed an Answer to Plaintiff's First Amended Complaint. (ECF Nos. 7, 20.) For the reasons set forth in this Order, the Court **grants** the Motion (ECF No. 15).

### A. Background

Pro se Plaintiff Maria Ferrer brought suit against Bayview Loan Servicing, LLC and the law firm Phelan, Hallinan, Diamond, & Jones, PLLC ("Phelan"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), the Florida Consumer Collections Practices Act § 559.72(9), and the Telephone Consumer Protection Act 47 U.S.C. § 227 (TCPA). (1st Am. Compl. ¶¶ 1–2, ECF No. 7.) Ferrer alleges that the Defendants sought to "collect an alleged but non-existing debt incurred by Plaintiff for personal, family, or household purposes." (1st Am. Compl. ¶13, ECF No. 7.) She claims that she received a letter on January 31, 2014, from her mortgage servicer, Chase, stating that her mortgage servicing would be transferred to M&T Bank within two weeks. (*Id.* at ¶ 15.) On February 24, 2014, M&T sent Ferrer a "Notice of Debt" and informed her they would provide the name of her original creditor on her mortgage loans if she sent a written request. (*Id.* at ¶ 17.) Around the same time, Bayview sent Ferrer a collection notice. (*Id.* at ¶ 19.)

In response to the notifications, Ferrer sent debt validation request letters. (*Id.* at ¶¶ 19, 21.) Ferrer did not receive a response to her request but the Defendants continued collection efforts by calling Ferrer's cell phone number repeatedly, instituting a foreclosure action against Ferrer, and mailing collection notices every month. (*Id.* at ¶ 21.) Additionally, Bayview, Plaintiff

claims, has called Ferrer's cell phone 53 times between February 21, 2014, and October 23, 2014—sometimes multiple times in one day.  When Ferrer answered the calls Bayview did not disclose that it was a debt collector.  The Defendants that filed this motion to dismiss—a law firm and two lawyers—instituted a foreclosure against Ferrer on behalf of Bayview.  (1st Am. Compl. ¶10, ECF No. 7.)

Ferrer filed this action, alleging Violation of Federal Debt Collections Practices Act (Count 1); Violations of Florida Consumer Collection Practices Act (Count 2); and Violation of Telephone Consumer Protection Act (Count 3).  Bayview and M&T Bank filed an Answer (ECF No. 27) and Phelan, Hallinan, Diamond, & Jones, PLLC, Tyler Walker, and Kelly Canfield moved to dismiss (ECF No. 15).

**B. Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all of a complaint's well-pled factual allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though the Rule does not require detailed factual allegations, it does require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets, internal citation, and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  So a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will be dismissed.  *Id.*

Faced with a motion to dismiss, a court should therefore "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation marks omitted).  Moreover, "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  *Id.* (brackets and internal quotation marks omitted).

"This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which held that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010) (internal quotation marks omitted). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011).

**C. Analysis**

**1. Ferrer's Florida Consumer Collection Practices Act is barred by the litigation privilege.**

Florida law provides complete immunity from civil liability "to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So.2d 380, 384 (Fla. 2007) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. United States Fire Ins. Co.,* 639 So.2d 606, 608 (Fla. 1994)). The Florida Supreme Court has made clear that the privilege extends to statutory causes of action: "The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Id.* But "the mere existence of litigation does not attach the privilege to every communication between litigants; rather, the communication must be analyzed in light of its relation to the litigation." *North Star Capital Acquisitions, LLC v. Krig,* 611 F. Supp. 2d 1324, 1331 (M.D. Fla. 2009).

Numerous courts have held that the litigation privilege extends beyond suits in state court, and have applied it to FCCPA claims brought in federal court. *See Trent v. Mortg. Elec. Registration Sys., Inc.,* No. 06–cv–374, 2007 WL 2120262, at *3 (M.D. Fla. Jul. 20, 2007) ("The *Echevarria* holding precludes communications attached to or made part of a foreclosure complaint from forming the basis of a FCCPA . . . claim."); *Pack v. Unifund CCR Partners, G.P.,* No. 8:07–cv–1562–T–27EAJ, 2008 WL 686800 (M.D. Fla. Mar.13, 2008) (on summary judgment, holding that claims under the FCCPA were barred by state court lawsuit and litigation privilege).

Moreover, the litigation privilege in Florida provides all persons involved in judicial proceedings, including parties and counsel, an absolute privilege from civil liability for acts related to those proceedings. *North Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1329 (M.D. Fla. 2009) (citing *Levin, Middlebrooks, Mayes & Mitchell, P.A.,* 639 So.2d at 608.) The Florida

Supreme Court has extended its litigation privilege to "all torts, finding that 'absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding.'" *Echevarria*, 950 So.2d at 383.

Ferrer argues that the purported violations "did not occur within the course of a judicial proceeding, the violation occurred as a result of the initiation of the judicial proceeding." (Resp. Opp. 9, ECF No. 27.) But in Florida, absolute immunity attaches to any act that occurs during the course of a judicial proceeding so long as the act has some relation to the proceeding. *See Levin,* 639 So.2d at 608. Here, her FCCPA claim is barred by the litigation privilege. Ferrer's only allegation against Phelan, Walker, and Canfield is that they "initiated a foreclosure action against" her. (1st Am. Compl. ¶10, ECF No. 7.) This clearly relates to a judicial proceeding, and is the sole basis of her FCCPA claim against the Defendants bringing the Motion to Dismiss. *See Gaisser v. Portfolio Recovery Assocs.,* 571 F. Supp. 2d 1273 (S.D. Fla. 2008) (Altonaga, J.) (where plaintiff filed FCCPA claim in federal court based on defendant's filing of state court debt collection lawsuit barred by statute of limitations, the court held that the litigation privilege barred FCCPA claim in federal court because "state suit clearly relates to a judicial proceeding and therefore cannot form basis of Plaintiff's FCCPA claim"). Ferrer has not pled pre-suit collection letters or communications, or any conduct by Phelan, Walker, and Canfield outside of the filing of the foreclosure lawsuit as a basis of her FCCPA claim against Phelan, Walker, and Canfield.

The Florida Supreme Court has repeatedly reasoned that the applicability of the litigation privilege "does not mean . . . that a remedy for a participant's misconduct is unavailable in Florida." *Levin,* 639 So.2d at 608. "[A]dequate remedies still exist for misconduct in a judicial proceeding, most notably the trial court's contempt power, as well as the disciplinary measures of the state court system and bar association." *Echeverria,* 950 So.2d at 384; *Perez v. Nuereaus Inv. Group No. II, LLC*, No. 9-cv-20784, 2009 WL 1973476, at *3 (S.D Fla. July 8, 2009) (Gold, J.). Accordingly, the Court grants the Motion to Dismiss as to the FCCP claim and dismisses that claim against Phelan, Walker, and Canfield.

### 2. Ferrer's Fair Debt Collections Practices Act

In order to state a claim under the FDCPA, a plaintiff must show: (1) that he has been subject to a collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has participated in an act or omission prohibited by the FDCPA.

*Pescatrice v. Orovtiz*, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) Cohn, J.); *McCorriston v. L.W.T., Inc.,* 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). Ferrer claims that Phelan violates the FDCPA by "continuing to collect on an alleged but non-existing debt after being notified that the legal status of the alleged but non-existing debt is invalid," and by "continuing to collect on an alleged but non-existing debt using false and misleading representations." (Am. Compl. ¶¶ 46–47.) She also alleges that Phelan violated the FDCPA by "failing to validate the alleged but non-existing debt." (*Id.* at ¶ 51.)

But Ferrer fails to provide factual support for her perfunctory parroting of the requirements for a claim. Phelan, Walker, and Canfield argue that Ferrer fails to allege any deception or deceptive acts. The Court agrees—Ferrer's First Amended Complaint only contains facts alleging deceptive behavior by Bayview and M&T. She includes a blanket allegation that "Bayview, M&T, Phelan, Canfield and Walker deceived the Plaintiff and engaged in a pattern and practice of unfair and deceptive collection practices"—but this "formulaic" reiteration of the elements of a cause of action is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678.

Phelan, Walker, and Canfield also argue that Ferrer's claims under § 1692g lack sufficient factual support. Section 1692g dictates a debt collector's responsibility to validate a debt upon a request to do so. Ferrer's Complaint contains numerous allegations that she sought debt validation from Bayview and M&T, but no allegations that she sought validation from Phelan, Walker, and Canfield. (1st Am. Compl. ¶¶ 18, 20; ECF No. 7.) Her Complaint, therefore, does not contain the requisite factual support to bring her claim under § 1692g against Phelan, Walker, and Canfield. *Adams v. Homeward Residential, Inc.*, No. 13-cv-0329, 2014 WL 460936, at * 3–4 (S.D. Ala. Feb. 5, 2014) (holding that § 1692g claim failed to plead facts moving the claim "from the conceivable to the plausible" and dismissing the claim.).

### D. Conclusion

Accordingly, the Court **grants** Defendant Phelan, Walker, and Canfield's motion to dismiss. Ferrer may proceed with her claims against Bayview Loan Servicing, LLC and M&T Bank.

**Done and ordered**, at Miami, Florida, on August 20, 2015.

Robert N. Scola, Jr.
United States District Judge