United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Ferrer, Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 15-20877-Civ-Scola |
| ) | |
| Bayview Loan Servicing, LLC, and ) | |
| others, Defendants ) | |

**Order on Motions to Stay**

THIS MATTER is before the Court on Defendant Bayview Loan Servicing, LLC's and Defendant M&T Bank's Motions to Stay Proceedings (ECF Nos. 50, 51). Defendants Phelan, Hallinan, Diamon, & Jones, PLC; Kelly Canfield, and Tyler Walker filed a Motion to Adopt/Join the Motions to Stay (ECF No. 55). Plaintiff Maria Ferrer filed a Motion for Extension of Time to Respond to the Motions for Stay (ECF No. 60). For the reasons set forth in this Order, the Court **grants** the Motion to Stay based on abstention (ECF No. 51), **denies as moot** the Motion to Stay based on pending Supreme Court case law (ECF No. 50), **denies as moot** the Motion to Adopt/Join the Motions to Stay (ECF No. 55) and **denies** Plaintiff's Motion for Extension of Time (ECF No. 60).

### A. Background

Pro se Plaintiff Maria Ferrer brought suit against Bayview Loan Servicing, LLC, M&T Bank, and the law firm Phelan, Hallinan, Diamond, & Jones, PLLC ("Phelan"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), the Florida Consumer Collections Practices Act § 559.72(9), and the Telephone Consumer Protection Act 47 U.S.C. § 227 (TCPA). (1st Am. Compl. ¶¶ 1–2, ECF No. 7.) Ferrer alleges that the Defendants sought to "collect an alleged but non-existing debt incurred by Plaintiff for personal, family, or household purposes." (1st Am. Compl. ¶13, ECF No. 7.) She claims that she received a letter on January 31, 2014, from her mortgage servicer, Chase, stating that her mortgage servicing would be transferred to M&T Bank within two weeks. (*Id.* at ¶ 15.) On February 24, 2014, M&T sent Ferrer a "Notice of Debt" and informed her they would provide the name of her original creditor on her mortgage loans if she sent a written request. (*Id.* at ¶ 17.) Around the same time, Bayview sent Ferrer a collection notice. (*Id.* at ¶ 19.)

In response to the notifications, Ferrer sent debt validation request letters. (*Id.* at ¶¶ 19, 21.) Ferrer did not receive a response to her request but the Defendants continued collection efforts by calling Ferrer's cell phone

number repeatedly, instituting a foreclosure action against Ferrer, and mailing collection notices every month. (*Id.* at ¶ 21.) The Defendants instituted a foreclosure against Ferrer on behalf of Bayview in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County. (1st Am. Compl. ¶10, ECF No. 7.)

Ferrer then filed this action, alleging Violation of Federal Debt Collections Practices Act (Count 1); Violations of Florida Consumer Collection Practices Act (Count 2); and Violation of Telephone Consumer Protection Act (Count 3). Bayview and M&T Bank filed an Answer (ECF No. 27) and Phelan, Hallinan, Diamond, & Jones, PLLC, Tyler Walker, and Kelly Canfield moved to dismiss (ECF No. 15). The Court granted the Motion to Dismiss on August 21, 2015.

### B. Legal Standard

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.) Courts consider the relative prejudice and hardship "worked on each party if a stay is or is not granted," and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010). Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay is appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided that a stay will expire within reasonable limits, if it is not immoderate).

### C. Analysis

Defendants'[1] first motion to stay seeks a stay based on a pending United States Supreme Court case, *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). (Mot. Stay, ECF No. 50.) The second motion to stay seeks a stay pending resolution of a "first-filed state court foreclosure action." (Mot. Stay, ECF No. 51.)

#### 1. Defendants' Motion to Stay Pending State Court Foreclosure Action (ECF No. 51).

Defendants explain that there is a pending state court action styled *Bayview Loan Servicing, LLC v. Ferrer*, Case No. 14-011817, and Plaintiff

---

[1] Throughout the remainder of this order, "Defendants" will refer to M&T Bank and Bayview Loan Servicing, LLC.

admits that Bayview has filed a foreclosure action against her property (1st Am. Compl. ¶ 22, ECF No. 7).  She also attaches her motion to strike the complaint in the foreclosure action to her Complaint filed in this action.  (1st Am. Compl. 48, ECF No. 7.)  Ferrer's Federal Debt Collections Practices Act claim (Count 1); her Florida Consumer Collection Practices Act claim (Count 2); and her violation of the Telephone Consumer Protection Act claim (Count 3) all relate to Plaintiff's mortgage and attempts by the Defendants to collect on the debt associated with her property.

In *Colorado River Water Conservation District v. United States*, the United States Supreme Court addressed the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts.  *Colorado River*, 424 U.S. 800, 817 (1976); *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1327–28 (11th Cir. 2004).  "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  *Colorado River*, 424 U.S. at 813.

The Court must weigh six factors when analyzing whether it is permissible to abstain:  (1) whether one of the courts has jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.  *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.,* 891 F.2d 882, 884 (11th Cir.1990).  No one factor is necessarily determinative and the factors are not "a mechanical checklist."  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n. 20 (1983).

The *Colorado River* factors weigh in favor of granting the stay, but not dismissing the action.  Because Plaintiff's theory for her FDCPA and FCCPA claims that the violations result from a "non-existing debt," the state court foreclosure outcome may implicate her federal claims.  In other words, the state foreclosure action might elucidate the debt's validity.  She could proceed on her TCPA claim in this Court but that would result in piecemeal litigation.  It is not appropriate to dismiss the case altogether because in addition to her TCPA claim which could proceed on its own, Plaintiff ostensibly could amend her complaint and allege FDCPA and FCCPA claims under a different liability theory.

In addition, the state court foreclosure proceeding has jurisdiction over the property and was instituted before this action.  Because the foreclosure proceedings described in Plaintiff's complaint constitute an ongoing state judicial proceeding involving the foreclosure of real property, which implicates

an important state interest, and since the state court proceedings present the Plaintiff with an adequate opportunity to raise her defenses, this Court must abstain.  *See, e.g., Beepot v. J.P. Morgan Chase Nat'l Corporate Servs. Inc*, No. 10-cv-423, 2011 WL 4529604 (M.D. Fla. Sept. 30, 2011); *Borrero v. United Healthcare*, 610 F.3d 1296, 1307 (11th Cir. 2010).

Because the Court finds that a stay is appropriate based on principles of federal abstention and comity, the Court does not address the arguments raised in, or make a finding on the merits of, the Defendants' Motion to Stay based on *Spokeo, Inc. v. Robins*.  Based upon the granting of a stay as to this motion, the Court denies as moot the first-filed Motion to Stay (ECF No. 50).

The Court also denies as moot Plaintiff's Motion for an Extension of Time to File a Response in Opposition to a Stay (ECF No. 60).  Her request was not filed until after the time to file a response expired, and based on the above reasoning, a stay is appropriate.

### D. Conclusion

Accordingly, the Court **grants** the Motion to Stay based on abstention (ECF No. 51), **denies as moot** the Motion to Stay based on pending Supreme Court case law (ECF No. 50), **denies as moot** the Motion to Adopt/Join the Motions to Stay (ECF No. 55) and **denies** Plaintiff's Motion for Extension of Time (ECF No. 60).  The Court directs the Clerk to administratively **close** this case during the stay.  When the state court proceedings are resolved the parties are instructed to notify the Court immediately and the Court will enter a new scheduling order.  In the meantime, the Clerk will administratively **terminate any** pending motions—those motions may be reopened after the stay expires.

**Done and ordered**, at Miami, Florida, on August 27, 2015.

_____
Robert N. Scola, Jr.
United States District Judge