United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Ferrer, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-20877-Civ-Scola |
| | ) |
| Bayview Loan Servicing, LLC, and | ) |
| others, Defendants, | ) |

**<u>Order Denying Motion to Dismiss</u>**

This matter is before the Court upon the Defendants Bayview Loan Servicing, LLC and M&T Bank's Motion to Dismiss Counts 1 and 2 for Lack of Subject Matter Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine (ECF No. 92). The pro se Plaintiff, Maria Ferrer, filed a response (ECF No. 104), and the Defendants filed a reply (ECF No. 106). The Court has considered all supporting and opposing submissions, the record in this case, and the applicable law. Accordingly, the Court **denies** the motion to dismiss.

1. **Background**

This case has a lengthy history. Pro se Plaintiff Maria Ferrer brought suit against the Defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Florida Consumer Collections Practices Act § 559.72(9) ("FCCPA"), and the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA"), related to the servicing of her mortgage. (First Am. Compl. ¶¶ 1-2, ECF No. 7.) Ferrer alleges throughout that the Defendants sought to collect "an alleged but non-existing debt." (*Id.* at ¶¶ 13, 21, 45-47, 49, 51, 61.)

Ferrer sent debt validation request letters in response to debt notifications and collection notices from the Defendants. (*Id.* at ¶¶ 18, 20.) Ferrer did not receive a response to her request but the Defendants continued collection efforts by calling Ferrer's cell phone number repeatedly, instituting a foreclosure action against her, and mailing collection notices every month. (*Id.* at ¶ 21.) Additionally, Bayview, Ferrer claims, called her cell phone 53 times between February 21, 2014, and October 23, 2014—sometimes multiple times in one day. (*Id.* at ¶ 28.)

As a result, Ferrer filed this action, alleging violations of the FDCPA (Count 1), the FCCPA (Count 2), and the TCPA (Count 3), while a foreclosure proceeding was taking place in the state court. Therefore, the Court stayed this action for almost two years while the foreclosure proceeding progressed through the state court system. (*See* ECF Nos. 62, 65.) The state court entered a final judgment of foreclosure in Bayview's favor in December of 2015. (ECF No. 92-1.) Ferrer

challenged the judgment by filing appeals to the Third District Court of Appeal, the Florida Supreme Court, and the United States Supreme Court, all of which were denied or dismissed. (ECF Nos. 92-2, 92-3, 92-4.) Accordingly, the Defendants now move for dismissal of Counts 1 and 2 of Ferrer's amended complaint, arguing that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

## 2. Legal Standard

"Final judgments . . . rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court" where a person claims that the State court's decision violates his or her federal (Constitutional or statutory) rights. 28 U.S.C. § 1257. In other words, the Supreme Court has—but a district court lacks—jurisdiction to consider a case where the plaintiff is challenging the legitimacy of a "final determination made in a state judicial proceeding." *Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir. 1987) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983)). This is commonly referred to as the *Rooker-Feldman* doctrine. *See Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010) ("The doctrine bars the losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (internal quotation marks omitted). "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (citation omitted).

"Under the *Rooker-Feldman* doctrine, '[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Velardo v. Fremont Inv. & Loan,* 298 F. App'x 890, 892 (11th Cir. 2008). The Eleventh Circuit "delineat[ed] the boundaries of the *Rooker-Feldman* doctrine: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Nicholson v. Shafe,* 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).

### 3. Analysis

In their motion to dismiss, the Defendants argue that Ferrer's FDCPA and FCCPA claims are barred by the *Rooker-Feldman* doctrine because, in essence, this case constitutes a challenge to the validity of the promissory note and mortgage involved in the underlying state court foreclosure proceeding. Ferrer counters that *Rooker-Feldman* is not applicable in this case, because she claims that the Defendants' collection practices violated the FDCPA and FCCPA because they failed to properly validate the underlying debt prior to filing the foreclosure action. Indeed, this is not a case that fits into the narrow category delineated by the Supreme Court in *Exxon*—in which state court loser files suit to challenge the judgment in federal Court. Ferrer filed this case while the foreclosure proceeding was pending in the state court, alleging several violations of the FDCPA in the form of repeated telephone calls, the failure to disclose that communications were from a debt collector, and the failure to properly validate the debt after her requests. (First Am. Compl. ¶¶ 28-29, 48, 52.) These alleged violations do not require the Court to undo the state foreclosure judgment as the Defendants argue, because they relate to the Defendants' alleged debt collection practices, not directly to the validity of the underlying note and mortgage.

Moreover, *Rooker-Feldman* "does not apply, however, where a party did not have a reasonable opportunity to raise his federal claim in state proceedings." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). While the parties seem to agree that Ferrer generally challenged the validity of the debt in the state court foreclosure proceeding, there is no indication that she challenged the Defendants' debt collection practices, which is the basis of her FDCPA claim, in the state court. Therefore, the *Rooker-Feldman* doctrine does not apply in this case to deprive the Court of jurisdiction over Ferrer's claims.

Nevertheless, "[i]n parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court." *Exxon Mobil Corp.*, 544 U.S. at 293. The Defendants raise a valid point in noting that Ferrer's response to the motion to dismiss confirms that she also aims to challenge the validity of the underlying debt—a challenge that was repeatedly rejected in the state court. (*See* Reply at 3, ECF No. 106.)

Ferrer states that "[i]n essence, the Plaintiff is alleg[ing] that by attempting to collect the underlying debt and enforce the note and mortgage through foreclosure before validating the debt, the State Court Action was premature, and the Plaintiff was injured by being effectively prevented from resolving the debt and reinstating the note and mortgage. Validating the debt would have enabled the Plaintiff to save the property secured by the note and mortgage." (Resp. at 12,

ECF No. 104.) In other words, through this lawsuit, Ferrer is also attempting to challenge, once again, the validity of the underlying debt, which is an issue already decided by the state court. The Defendants argue that Ferrer's claims are thus nothing more than an attempt to relitigate issues she raised as defenses in the state foreclosure action. (Mot. at 3, ECF No. 92.)

In general, issue preclusion operates to prevent relitigation of issues already decided between the parties in a prior lawsuit. *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1332 (11th Cir. 2010). Under Florida law, in order for issue preclusion to apply, "the parties and issues [must be] identical, and [] the particular matter [must] be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Id.* (quoting *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216, 1235 (Fla. 2006)). Thus, to the extent that Ferrer intends to attack the validity of the underlying debt, Ferrer's claims—especially her FCCPA claim, which is premised upon Florida Statutes section 559.72(9)[1]—are likely barred by preclusion principles. However, the motion to dismiss is premised upon the lack of jurisdiction, not the application of issue preclusion, and it was incumbent upon the Defendants to fully develop their argument and support it with citations to legal authority. *See* S.D. Fla. L.R. 7.1(a)(1); *see also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it[.]").

### 4. Conclusion

For the foregoing reasons, the Defendants' motion to dismiss for lack of jurisdiction under *Rooker-Feldman* (**ECF No. 92**) is **denied**. Therefore, in addition, Ferrer's motion to stay pending resolution of the motion to dismiss (**ECF No. 105**) is **denied as moot**.

**Done and ordered** at Miami, Florida, on November 15, 2017.

Robert N. Scola, Jr.
United States District Judge

---

[1] Section 559.72(9) states that "[i]n collecting consumer debts, no person shall [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.