United States District Court
for the
Southern District of Florida

| Maria Ferrer, Plaintiff, | ) |
|---|---|
| v. | ) ) Civil Action No. 15-20877-Civ-Scola |
| Bayview Loan Servicing, LLC, and others, Defendants, | ) ) ) |

### Order Denying Motion for Relief from Judgment

Before the Court is a motion for relief from judgment filed by *pro se* Plaintiff Maria Ferrer ("Ferrer"). (the "Motion," ECF No. 164.) Having considered the parties' submissions, the record in this case and the applicable law, the Court **denies** the Motion (**ECF No. 164**) as described below.

Ferrer filed this lawsuit on March 3, 2015. (ECF No. 1.) The first amended complaint (ECF No. 7) asserted claims under the Telephone Consumer Protection Act ("TCPA"), the Florida Consumer Collection Practices Act, and the Federal Debt Collection Practices Act against Defendants M&T Bank ("M&T"), Bayview Loan Servicing, LLC ("Bayview") and others. These claims allegedly arose out of the Defendants' efforts to collect on a defaulted note secured by Ferrer's property, which was subject to a pending foreclosure action in Florida state court.

The Court stayed this case for two years while the foreclosure proceeding progressed through the trial and appellate courts. Once Ferrer exhausted her appellate remedies in the foreclosure action, on July 11, 2017, this Court reopened this case. Thereafter, M&T and Bayview moved for summary judgment. The Court granted that motion on January 25, 2018 and closed this case, entering judgment for M&T and Bayview the next day. (ECF Nos. 161, 162.)

In granting summary judgment for those defendants on the TCPA claim, the Court summarized a declaration of Oscar Gutierrez, a Senior Contact Center Analyst for Bayview, who stated: (1) that certain call placed by Bayview to Ferrer were made through the Avaya X1 Platform; (2) that calls made on the Avaya Platform must be manually dialed; and (3) that "the Avaya Platform cannot place calls without human input, and it is not able to dial predictively, store, or produce telephone numbers independently." (ECF No. 161 at p. 9.) The Court found this declaration consistent with Gutierrez deposition testimony on the subject. (*Id.*) In a footnote, the Court also noted that Ferrer's questioning of Gutierrez during that deposition appeared to revolve around a call log provided by Bayview in discovery, which was not in the record. (*Id.* at n.5.)

Three-hundred-and-sixty-four days after the Court entered judgment, Ferrer filed the Motion seeking relief from judgment under Rule 60(b)(1) due to her "excusable neglect" in failing to include the "Call Log and Dialed Number Report" in the summary judgment record. (ECF No. 164 at p. 2.) That same day, she also filed a 202-page deposition transcript of Gutierrez (with accompanying exhibits) and a 256-page notice of filing containing a "call log," "dialed number report," and "recorded log." (ECF Nos. 163, 165.) According to Ferrer, "[c]learly if the Dialed Number Report and Call Log . . . are compared to Gutierrez's deposition testimony . . . there is a clear violation of the TCPA, and the entry of a summary judgment in favor of the Defendants would be improper and a gross miscarriage of justice." (*Id.* at p. 5.) But Ferrer herself makes no attempt to compare those documents. Nor does she provide record citation to support any of the legal conclusions furthered in the Motion, including her representation that the "logs confirm that the system being used to contact defendant was an auto-dialer." (*Id.* at p. 2.) Also absent from the Motion is any legal authority to support Ferrer's belief that a "DIALERSCRUB" notation, apparently found on the call logs, "indicat[es] that an auto-dialer was being used." (*Id.*) It appears that Ferrer has tasked the Court to parse these 458-pages of belated summary judgment evidence to determine if anything contained therein is legally relevant to this case in its present post-judgment posture. Unfortunately for Ferrer, the Motion is time-barred.

Motions under Rule 60(b)(1) must be made within a reasonable time, not to exceed one-year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). "[M]otions filed within the one-year limitation may still be barred under the reasonable-time limitation, depending on relevant circumstances." *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005); *Armstrong v. The Cadle Co.*, 239 F.R.D. 688, 692 (S.D. Fla. 2007) (Cohn, J.) (a Rule 60(b) motion "is not timely merely because it was filed less than one year after the entry of judgment" (citing *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990))).

Circumstances relevant to determining if a party sought relief under Rule 60 within a "reasonable time" include "whether the party opposing the motion has been prejudiced by the delay in seeking relief" and "whether the moving party had some good reason for his failure to take appropriate action sooner." *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976).[1] Relatedly, a court

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

may consider "whether the movant acted with due diligence" in seeking relief and "whether the proffered reason for the delay is justified." *Armstrong,* 239 F.R.D. at 692-93 (collecting cases).

Ferrer did not file the Motion within a reasonable time. Her stated justification for filing the Motion stems from a footnote in the summary judgment order, where the Court noted that certain deposition exhibits were not of record. That order was entered on January 25, 2018—exactly one-year before the Ferrer filed the Motion. Ferrer explains this delay resulted from her preoccupation with concurrent events in the state court foreclosure case, including motions to vacate the judgment of foreclosure and related appellate proceedings, as well as other attempts to cancel or postpone the impending foreclosure sale in early 2018, all of which ultimately proved unsuccessful. While the Court is sympathetic to Ferrer's plight, the summary judgment order placed her on notice that this new evidence was not in the record. Instead of promptly filing these records, Ferrer waited until the last possible day under Rule 60(c)(1) to indiscriminately dump almost 500-pages of evidence on the docket, without any record or case citation. On these facts, the Court finds that Ferrer did not act with due diligence and that the one-year delay in providing this evidence was unjustified. Therefore, the Motion (**ECF No. 164**) is time-barred and **denied** accordingly.

This case shall remain closed. All pending motions, if any, are denied as moot.

**Done and ordered**, in Chambers, at Miami, Florida, on July 19, 2019.

_____
Robert N. Scola, Jr.
United States District Judge